[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11565

_____

SEAN P. REILLY,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:20-cv-00145-TKW-EMT

_____

Before JORDAN, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Sean Reilly's 2020 habeas corpus petition, *see* 28 U.S.C. § 2254, sought to challenge a 2009 Florida conviction and judgment for criminal use of identification. The district court dismissed the petition for lack of subject-matter jurisdiction on two alternative grounds. First, it ruled that the petition was an unauthorized second or successive application. *See* 28 U.S.C. § 2244(b)(3). Second, it concluded that Mr. Reilly was not "in custody" on the 2009 judgment when he filed the petition. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a). Following oral argument and a review of the record, we affirm.[1]

**The 2009 Judgment.** For the 2009 criminal use of identification conviction, the state court sentenced Mr. Reilly on Count 1 to 11 months and 29 days of imprisonment, followed by two years of community control and two years of probation. As to Count 5, the state court sentenced him to two years of community control followed by two years of probation, to run consecutive to the incarcerative portion of the sentence on Count 1 but concurrent with the supervisory portions of the sentence on Count 1.

---

[1] As we write for the parties, we set out only what is necessary to explain our decision. For a fuller procedural summary of Mr. Reilly's judgments and habeas corpus petitions, see *Reilly v. Sec'y, Fla. Dep't of Corr.*, 2023 WL 7179321 (11th Cir. Nov. 1, 2023). Most of the facts are taken from our summary in that case.

**The 2010 Conviction and VOP Judgment.**  In March of 2010, Mr. Reilly was convicted of witness tampering, and in December of 2010, he was found to have violated the conditions of his supervision/probation for the 2009 judgment.  The state court imposed a sentence of 60 months' imprisonment as to Count 1 of the 2009 conviction and a split sentence of two years of community control followed by two years of probation as to Count 5 of the 2009 conviction.

**The 2015 Conviction and VOP Judgment.**  In April of 2015, while he was serving the supervisory portion of the sentence from the 2010 violation judgment, Mr. Reilly was convicted of aggravated stalking and found to have violated the conditions of his probation/supervision on that judgment.  The state court imposed a sentence of five years' imprisonment for the aggravated stalking conviction and five years' imprisonment for the violation of probation, to be served consecutively.

To satisfy the "in custody" requirement, a "habeas petitioner [must] be in custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490−91 (1989) (holding that a petitioner was not in custody on a decades-old conviction, for which he had served the entirety of the sentence, just because that conviction was used to enhance his sentence) (citation and internal quotation marks omitted).  In *Lackawanna County District Attorney v. Coss*, the Supreme Court held that:

> [O]nce a state conviction is no longer open to direct
> or collateral attack in its own right because the

defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

532 U.S. 394, 403−04 (2001) (citation omitted).  And in *Garlotte v. Fordice*, 515 U.S. 39, 41 (1995), the Court held that a state prisoner incarcerated under consecutive sentences may apply for federal habeas relief from the conviction that ran first in the series even though he had already served that sentence and was serving the next in the series.

In his 2020 petition, Mr. Reilly sought to challenge the initial 2009 judgment.  At the time he filed that petition, however, he had served the imprisonment portion of that judgment (i.e., the 11 months and 29 days initially imposed, and the five years imposed in the 2010 VOP judgment).  He was serving the five-year sentence imposed in the 2015 aggravated stalking conviction and had not begun to serve the consecutive five-year sentence imposed in the 2015 VOP judgment.  He was therefore "in custody" under *Garlotte* for purposes of both the 2015 conviction and 2015 VOP adjudication.  But that does not help him because the 2020 petition did not challenge the 2015 conviction or the 2015 VOP adjudication in any way.  *See Reilly*, 2023 WL 7179321, at *2 (explaining that the 2015

21-11565                    Opinion of the Court                    5

VOP adjudication was challenged in a different petition filed in 2021). As noted earlier, the judgment under attack in the 2020 petition was the 2009 judgment.

We conclude that Mr. Reilly was not "in custody" on the 2009 judgment when he filed the 2020 habeas corpus petition. The district court's dismissal of that petition for lack of subject-matter jurisdiction is therefore affirmed. *See Clement v. Florida*, 59 F.4th 1204, 1209 (11th Cir. 2023) ("in custody" requirement of § 2254(a) is jurisdictional).[2]

**AFFIRMED.**

---

[2] Given our resolution of the appeal, we need not and do not address whether the 2020 petition was "second or successive."